**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 01 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GENE KELLY, Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                      No. 4:19-cv-_776_-_BSM_

**NPC INTERNATIONAL, INC.**                                        **DEFENDANT**

This case assigned to District Judge _Miller_

**ORIGINAL COMPLAINT—COLLECTIVE ACTION** and to Magistrate Judge _Deere_

COMES NOW Plaintiff Gene Kelly ("Plaintiff" or "Kelly"), individually and on behalf of all others similarly situated, by and through his attorneys Allison Koile and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against NPC International, Inc. ("Defendant" or "NPC"), he does hereby state and allege as follows:

## I.   JURISDICTION AND VENUE

1.   Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated as delivery drivers the legal minimum hourly wage and overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

3.     This Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

5.     Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.     Defendant conducts business within the State of Arkansas, operating two or more pizza delivery establishments under the name Pizza Hut.

7.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over the parties as the parties reside in this district and a substantial part of the events giving rise to the claim herein occurred in the district.

## II.     THE PARTIES

8.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.     Plaintiff Gene Kelly is a resident and citizen of Pulaski County.

10.     For periods in 2017, 2018 and 2019, Kelly was an hourly-paid delivery driver employed at Defendant's pizza store located at 8611 Highway 107 in Sherwood.

11.    At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

12.    NPC International, Inc., is a for-profit corporation based in Pittsburg, Pennsylvania.

13.    NPC's address in Arkansas is 8611 Highway 107, Sherwood, Arkansas.

14.    NPC's registered agent for service of process is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72211.

15.    NPC exercised control over the compensation, reimbursement and working conditions and requirements for Plaintiff and all other members of the proposed collective.

16.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.    During each of the three years preceding the filing of this Complaint, Defendant had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry such as food products, cooking utensils and food packaging.

18.    Defendant has more than four employees.

19.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the FLSA collective.

### III.     FACTUAL ALLEGATIONS

20.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21.     Defendant owns and operates the Pizza Hut pizza franchises throughout the state of Arkansas, including the restaurant where Plaintiff worked located at 8611 Highway 107 in Sherwood.

22.     The employees at the Pizza Hut franchises operated by Defendant were subject to uniform working conditions and requirements as a result of Defendant's uniform treatment of its franchises through Defendant's corporate management.

23.     Defendant's employees could transfer between any of Defendant's Pizza Hut locations without retraining.

24.     During the period relevant to this lawsuit, Defendant classified Plaintiff and those similarly situated as hourly employees non-exempt from the overtime requirements of the FLSA and the AMWA.

25.     Defendant's restaurants employ delivery drivers.

26.     Plaintiff and other delivery drivers employed by Defendant over the last three years have had essentially the same job duties, which were to deliver pizza and other food items to customers, and complete various tasks inside the restaurant when they were not delivering pizzas.

27.    Plaintiff and the other delivery drivers at Defendant's restaurants work "dual jobs," specifically one where they deliver food and receive tips and another where they work inside the store completing non-tipped duties.

28.    Defendant paid Plaintiff and other delivery drivers an hourly rate less than minimum wage for hours worked outside of the restaurant making deliveries; Defendant took credit for drivers' tips to make up the difference between Drivers' hourly rates and minimum wage.

29.    Plaintiff primarily performed work for Defendant as a delivery driver at a rate of $6.50 per hour in cash wages for his work as a delivery driver, but also performed work inside the store at a rate of approximately $9.25 per hour. Other delivery drivers were paid similarly.

30.    Defendant requires delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

31.    Defendant requires delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties.

32.    Pursuant to such requirements, Plaintiff and other similarly situated employees purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation,

paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

33.    Defendant does not track their delivery drivers' actual expenses, nor do they keep records of all of those expenses.

34.    Defendant does not reimburse delivery drivers for their actual expenses.

35.    Defendant does not reimburse delivery drivers at a reasonable approximation of the drivers' actual expenses.

36.    Defendant does not reimburse delivery drivers at the IRS standard business mileage rate.

37.    According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

> 2016: 54 cents/mile
> 2017: 53.5 cents/mile
> 2018: 54.5 cents/mile
> 2019: 58 cents/mile

38.    Delivery drivers at Defendant's stores are paid between 30 and 33 cents per mile as of the filing of Plaintiff's Original Complaint.

39.    As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, the drivers were deprived of minimum wages guaranteed to them by the FLSA and AMWA.

40.    At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all delivery drivers.

41.    All of Defendant's delivery drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar

automobile expenses; completed deliveries of similar distances and at similar
frequencies; and were paid at or near the applicable minimum wage rate before
deducting unreimbursed vehicle costs.

42.    Regardless of the precise amount of the reimbursement at any
given point in time, Defendant's reimbursement formula has resulted in an
unreasonable underestimation of delivery drivers' automobile expenses
throughout the recovery period, causing systematic violations of the minimum
wage laws.

43.    In 2019, for example, the IRS business mileage reimbursement is
$0.58 per mile, which reasonably approximated the automobile expenses
incurred delivering pizzas.    https://www.irs.gov/tax-professionals/standard-
mileage-rates.  Using that IRS rate as a reasonable approximation of Plaintiff's
automobile expenses, every mile driven on the job decreased their net wages by
approximately $0.25 ($0.58 - $0.33) per mile.

44.    Plaintiff estimates that a shift requires him and all other delivery
drivers to drive one hundred (100) miles on average during an eight-hour (8)
shift.

45.    Thus, while making deliveries, Plaintiff and all other delivery drivers
have consistently "kicked back" to Defendant approximately $25 per shift ($0.25
per mile x 100 miles) or $3.12 per hour per 8-hour shift.

46.    Because the delivery drivers incurred unreimbursed automobile
expenses and other job expenses, the delivery drivers "kicked back" to

Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

47.    Defendant willfully failed to pay minimum wage to Plaintiff and similarly situated delivery drivers at Defendant's stores.

48.    At times during the three years prior to the filing of this lawsuit, Defendant required Plaintiff and other delivery drivers to work more than forty (40) hours in a workweek.

49.    Plaintiff frequently worked more than forty hours per week.

50.    Defendant required Plaintiff and all other delivery drivers to arrive at work between ten and fifteen minutes earlier than their scheduled shifts, but Defendant did not allow Plaintiff and other delivery drivers to clock in until one minute before their scheduled shift start times.

51.    During the ten to fifteen minutes prior to their scheduled shift start times, Defendant required Plaintiff and other delivery drivers to engage in work-related tasks such as folding boxes, stocking shelves and getting drinks ready.

52.    Because Plaintiff worked between four and five shifts each week, Plaintiff estimates that he worked between 40 and 65 minutes for which he was not paid each week.

53.    As a result of these time-keeping practices, Defendant did not pay Plaintiff or other delivery drivers an overtime premium for all hours worked in excess of forty (40) per workweek.

54. Defendant willfully failed to pay overtime wages to Plaintiff and similarly situated delivery drivers who worked more than forty (40) hours per week during the time period relevant to this Complaint.

## IV. **REPRESENTATIVE ACTION ALLEGATIONS**

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wages for the first forty (40) hours worked each week;

B. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

C. Liquidated damages and attorney's fees.

57. Plaintiff proposes the following collective under the FLSA:

**All delivery drivers within the three years preceding the filing of Plaintiff's Original Complaint.**

58. In conformity with the requirements of FLSA Section 16(b), Plaintiff files his written Consent to Join this collective action as Exhibit 1 to his Original Complaint.

59. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

60.     The members of the proposed FLSA collective are similarly situated

in that they share these traits:

  A.    They were classified by Defendant as non-exempt from the
        minimum wage and overtime requirements of the FLSA;
  B.    They had substantially similar job duties, requirements, and
        pay provisions;
  C.    They were required by Defendant to incur expenses to
        maintain vehicles for delivery of Defendant's products;
  D.    They were subject to Defendant's common policy of not
        reimbursing delivery drivers for all automobile expenses
        related to making deliveries for Defendant's restaurants;
  E.    They did not receive a lawful minimum wage for the time
        spent making deliveries for Defendant; and
  F.    They did not receive overtime premiums for all hours worked
        in excess of forty (40) per workweek.

61.     Plaintiff's claims are similar to those of the members of the FLSA

Collective.

62.     Plaintiff is unable to state the exact number of potential members of

the FLSA Collective but believes that the group is hundreds of people.

63.     Defendant's unlawful conduct is pursuant to a corporate policy or

practice.

64.     Defendant is aware or should have been aware that federal law

required them to pay employees minimum wage for all hours worked and time-

and-a-half overtime wages for hours worked in excess of 40 per week.

65.     Defendant is aware or should have been aware that federal law

required them to reimburse delivery workers for expenses relating to "tools of the

trade," such as, among other things, automobile costs and gasoline for delivery

drivers.

66.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

67.     Defendant can readily identify the members of the collective, which encompasses all delivery driver employees of Defendant's restaurants within the three-year period preceding the filing of Plaintiff's Complaint.

68.     The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

69.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## V. **FIRST CAUSE OF ACTION**
### (Individual Claim for Violation of the FLSA)

70.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

73.     At all relevant times, Defendant has been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

74.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

75.     During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

76.     Because Defendant required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendant failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

77.     Because Defendant required Plaintiff to perform off-the-clock work without pay in weeks during which Plaintiff worked in excess of forty (40) hours per week, Defendant failed paid Plaintiff overtime wages as required by the FLSA in one or more workweeks.

78.     By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay.

79.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

80.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

## VI.    SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

81.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann.§§ 11-4-201 *et seq*.

83.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

84.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

85.     During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

86.     Because Defendant required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendant failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

87.     Because Defendant required Plaintiff to perform off-the-clock work without pay in weeks during which Plaintiff worked in excess of forty (40) hours

per week, Defendant failed paid Plaintiff overtime wages as required by the AMWA in one or more workweeks.

88.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

89.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann.§ 11-4-218.

## VII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

90.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

91.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

92.     At all relevant times, Defendant has been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

93.     During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

94.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, and because Defendant required Plaintiff and similarly situated employees to pay for automobile

expenses and other job-related expenses out of pocket, Defendant failed to pay Plaintiff and the members of the FLSA collective the applicable minimum wage rate for all hours worked.

95.     Because Defendant required Plaintiff and those similarly situated to perform off-the-clock work without pay in weeks during which Plaintiff and those similarly situated worked in excess of forty (40) hours per week, Defendant failed paid Plaintiff and those similarly situated overtime wages as required by the FLSA in one or more workweeks.

96.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

97.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

98.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Gene Kelly, individually and on behalf of all others similarly situated, respectfully prays as follows:

Gene Kelly, et al. v. NPC International, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-____
Original Complaint—Collective Action

A.   That Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.   For orders regarding certification of and notice to the proposed collective action members;

D.   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.   A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F.   Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the collective under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G.   Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

H.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 216, in an amount equal to all unpaid minimum wage

compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the collective members during the applicable statutory period;

I.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

J.      For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.      Such other and further relief as this Court may deem necessary, just and proper.

                                        Respectfully submitted,

                                        **GENE KELLY, Individually**
                                        **and on Behalf of All Others**
                                        **Similarly Situated, PLAINTIFF**

                                        SANFORD LAW FIRM, PLLC
                                        ONE FINANCIAL CENTER
                                        650 SOUTH SHACKLEFORD, SUITE 411
                                        LITTLE ROCK, ARKANSAS 72211
                                        TELEPHONE: (501) 221-0088
                                        FACSIMILE: (888) 787-2040

                                        Allison Koile
                                        Ark. Bar No. 2011154
                                        allison@sanfordlawfirm.com

                                        Josh Sanford
                                        Ark. Bar No. 2001037
                                        josh@sanfordlawfirm.com